UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
T.S. INFANT by his Father and Natural Guardian           :
THOMAS JOHN STRINGER and THOMAS              :
JOHN STRINGER INDIVIDUALLY,                            :
                                                       :
                    Plaintiffs,                        :
                                                       :          **MEMORANDUM & ORDER**
          -against-                                    :          23-cv-3217 (DLI) (RML)
                                                       :
BAY SHORE UNION FREE SCHOOL DISTRICT, :
DR. STEVEN J. MALONEY, in his official and    :
individual capacities, DR. ISETT LORS in her    :
official and individual capacities, and JENNIFER :
INGOLD,                                                :
                                                       :
                    Defendants.                        :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On April 28, 2023, Thomas John Stringer ("Stringer") and T.S. Infant ("T.S.") (collectively, "Plaintiffs") filed this action against Defendants Bay Shore Union Free School District ("School District"), Steven J. Maloney ("Maloney"), Lisette Lors ("Lors") (collectively, "District Defendants") and Jennifer Ingold ("Ingold"). *See*, Compl., Dkt. Entry No. 1. The Complaint alleges five causes of action: (1) a violation of Plaintiffs' due process rights, specifically T.S.' right to privacy, by all Defendants pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) the District Defendants' policies, practices and customs lead to the violation of Plaintiffs' rights pursuant to § 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); (3) negligent training and supervision by District Defendants contrary to New York State law; (4) negligence under New York State law by Ingold; and (5) gross negligence under New York State law by Ingold. *Id.* at ¶¶ 54-89.

Ingold moved to dismiss all claims against her, specifically, the violation of due process, negligence and gross negligence claims, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Pls.' Mem. in Supp. of Ingold's Mot. to Dismiss ("Mot."); Dkt. Entry No. 14-3.  Plaintiffs opposed ("Opposition").  Mem. in Opp'n to Mot. ("Opp'n"), Dkt. Entry No. 18.  Ingold replied in support of her motion ("Reply").  Reply Mem. in Further Supp. of Mot. ("Reply"), Dkt. Entry No. 22.  For the reasons set forth below, the Motion is granted as to Stringer's § 1983 and 14th Amendment claims as against all Defendants, granted as to Plaintiffs' Fifth Amendment claims against all Defendants and granted as to all negligence claims against movant only, and denied as to T.S.' § 1983 claim.

## BACKGROUND[1]

This case stems from Ingold's publication of T.S.' personal medical and education information on the internet.  Compl. at ¶¶ 1, 5.  T.S. has Autism Spectrum Disorder, Attention Deficit Hyperactivity Disorder, anxiety, and Auditory Defensiveness.  *Id.* at ¶ 32.  To accommodate his learning needs, he requires special education services and an Individualized Education Program ("IEP").  *Id.* at ¶ 32.  As alleged in the Complaint, IEPs are confidential documents "protected by state and federal law" containing a student's "medical, psychological, emotional diagnoses and disabilities and outlin[ing] specific special/supplemental needs."  *Id.* at ¶¶ 34, 33.  During May 2022, T.S., a minor, was in the eighth grade in the Bay Shore Union Free School District and enrolled in Ingold's social studies class.  *Id*. at ¶¶ 31, 35, 37.

In addition to teaching, Ingold, is an author and public speaker whose work has been featured in "major education-centered publications," including MiddleWeb.com.  *Id.* at ¶¶ 22, 36.  On May 18, 2022, Ingold published an article in MiddleWeb.com "entitled 'Sealing Civic

---

[1] The following facts are taken from the Complaint and assumed to be true for purposes of this motion. *See, Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 71 (2d Cir. 2021).

Readiness in Our Middle Schools'" (the "Article").  *Id.* at ¶¶ 39, 37.  The Article contained "T.S.'s [sic] full name, information about the nature and symptoms of his medically diagnosed disabilities, and the accommodations he receives for his disabilities."  *Id.* at ¶¶ 39, 37.  Specifically, Ingold "disclosed that T.S. was a special education student" with an IEP who "required a one-on-one paraprofessional."  *Id.* at ¶ 39.  The Article also contained T.S.' "medical diagnoses associated with his disabilities such as emotional anxiety, lack of confidence and extreme shyness."  *Id.* at ¶ 41.  It was disseminated widely on the internet, including via Ingold's Twitter account, as well as other accounts and in a newsletter, reaching "tens of thousands of people."  *Id.* at ¶¶ 43-45.  The public dissemination of this information caused psychological, emotional, and financial injury to Plaintiffs, for which they seek redress.  *Id.* at ¶¶ 5, 57.

## DISCUSSION

### I.   Legal Standard

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor.  *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).  The court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010).  Nevertheless, "threadbare recitals of the elements of a cause of action" that are

supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## II.     Analysis

Ingold seeks to dismiss all claims against her: (A) the § 1983 claims; and (B) the negligence claims. Ingold argues that the § 1983 claims must be dismissed because: Stringer cannot make a § 1983 claim for the violation of another's (T.S.'s) rights; a violation of the Family Educational Rights and Privacy Act ("FERPA") does not grant an individual right of action and cannot be recharacterized as a Fourteenth Amendment claim; the Fifth Amendment only applies to the federal government and federal actors; and, finally, even if Plaintiffs have a valid § 1983 claim, Ingold is entitled to qualified immunity. Mot. at 3-8. Ingold contends the negligence claims must be dismissed because neither Plaintiff can establish the elements of a negligence claim on the facts stated in the Complaint. *Id.* at 10.

### A.     § 1983 Due Process

As an initial matter, the Court must address whether Stringer has any independent cause of action against Defendants pursuant to § 1983. *See*, Mot. at 8; *See also*, Reply at 6. It is axiomatic that a Plaintiff cannot assert the rights of a third-party. *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 58 (2d Cir. 1994) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 474–75 (1982)).

According to Plaintiffs, authority to release a minor child's confidential and personal records rests with the parents alone. Opp'n at 14. The release of that information without the parents' authorization violates that parent's rights and gives rise to a § 1983 claim by those parents.

4

*Id.* (citing to *Runyon v. McCrary*, 427 U.S. 160 (1976) and *Meyer v. Nebraska*, 262 U.S. 390 (1923)). As Plaintiffs acknowledge, the two cases they cite in support of this proposition merely establish that parents have the right to make decisions about their children's education. Opp'n at 14. However, these cases provide no guidance where, as here, the issue is the unauthorized disclosure of records and violation of the right to privacy.

Viewing the Complaint in its entirety, there is no plausible reading of the facts that might support a claim that Ingold violated Stringer's right to decide about T.S.'s education or that any of Stringer's other Constitutional rights were violated. Thus, the Court finds that Stringer lacks standing to assert a claim under § 1983 on his own behalf and this claim is dismissed.

The Court's analysis of Stringer's standing on this claim equally is applicable to these claims as to all Defendants, and Plaintiffs have had an opportunity to be heard. *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir. 1985), *aff'd*, 476 U.S. 409, 106 S. Ct. 1922, 90 L. Ed. 2d 413 (1986) (plaintiff should be heard before dismissal). Accordingly, Stringer's § 1983 claims against the other Defendants are dismissed.

### 1.   Right to Privacy

T.S.' claim for a violation of the right to privacy finds more support in the Complaint. The Fourteenth Amendment protects a "right to privacy [that] can be characterized as a right to 'confidentiality,'" which "includes the right to protection regarding information about the state of one's health." *Doe v. City of N.Y.*, 15 F.3d 264, 267 (2d Cir. 1994); *O'Connor v. Pierson*, 426 F.3d 187, 201 (2d Cir. 2005). Medical information, particularly information about psychiatric health, is "information of the most intimate kind." *O'Connor*, 426 F.3d at 201; *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (the privacy interest at stake "will vary with the [medical] condition").

Ingold argues that FERPA does not permit a private right of action and "its non-disclosure requirements may not be enforced under § 1983." Mot. at 3-6. While FERPA does not confer a private right of action, nonetheless T.S. has a separate right to make a claim for violation of a constitutionally protected interest such as privacy. *See*, *Rodgers v. Rensselaer Cnty. Sheriff's Dep't*, 2015 WL 4404788, at *7 (N.D.N.Y. July 17, 2015). Here, the Complaint unambiguously alleges violations of T.S.' right to privacy under the Fourteenth Amendment sufficient to state a claim pursuant to § 1983. Compl. ¶ 55.

Ingold also argues that the Fourteenth Amendment claim should be dismissed because there are no allegations that shock the conscience necessary to invoke substantive due process. Reply at 2-5. However, the case most heavily relied upon by Ingold in support of this contention, *Burns v. Cook*, 458 F. Supp.2d 29, 42 (N.D.N.Y. 2006), instead supports the conclusion urged by Plaintiffs. *Id.* "[A]ssuming that plaintiff's allegations regarding the release of her medical records are true, plaintiff's privacy and confidentiality rights were clearly infringed upon." *Id.* The same easily can be said about T.S.' allegations here.

The Court finds that the allegations in the Complaint state a claim for violation of T.S.' right to privacy and confidentiality contained in the Fourteenth Amendment. At least some of the information published about T.S., including the nature and symptoms of his disabilities, the accommodations he receives for these disabilities, and his emotional and psychological impairments, was of a private and intimate nature. *See*, Compl. at ¶ 38-41. Its publication on the internet, along with his name, without consent, gives rise to a claim for violation of T.S.' constitutional rights under the Fourteenth Amendment.

However, as Ingold contends, the Fifth Amendment only applies to actions by the federal government and no defendant is a federal actor here. Mot. at 3 (citing *Viteritti v. Inc. Village of*

*Bayville*, 831 F.Supp.2d 583, 592 (E.D.N.Y. 2011).  Accordingly, Plaintiffs' Fifth Amendment claims are dismissed as to all Defendants.

### 2.   Qualified Immunity

Notwithstanding T.S.' ability to make a § 1983 claim, Ingold contends that she is protected from suit by the doctrine of qualified immunity.  Mot. at 6-7.  Qualified immunity shields "government officials 'from liability for civil damages insofar as [his or her] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Having determined that the Complaint alleges a viable constitutional violation, the Court now must decide "whether the right was clearly established at the time of the defendants' actions."  *Golodner v. Berliner*, 770 F.3d 196, 201 (2d Cir. 2014).  The Court must consider three factors: "(1) whether the right was defined with reasonable specificity; (2) whether Supreme Court or court of appeals case law supports the existence of the right in question; and (3) whether under preexisting law a reasonable defendant would have understood that his or her acts were unlawful."  *Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010).

According to Ingold, "there is no case that suggests, under the circumstances pleaded in this case, that Ingold violated plaintiff's (sic) clearly established and well-settled privacy rights."  Mot. at 6.  This is a misstatement of the law.  The privacy interest in personal medical information has long been recognized.  *See*, *e.g.*, *O'Connor*, 426 F.3d at 201 (recognizing right to privacy in psychiatric health information in 2005); *Doe*, 15 F.3d at 269 (recognizing right to privacy in personal medical information in 1994).  In light of this well established precedent, the Court finds that T.S.' right to privacy in his medical and special education records was clearly established as

of 2022, the time of the events alleged in the Complaint, and that Ingold should have known her acts were unlawful.  Compl. at ¶¶ 3, 37.

Finally, the Complaint contains sufficient factual allegations for the Court to conclude that Ingold could not have believed that her actions were objectively reasonable.  *See*, *Williams v. Greifinger*, 97 F.3d 699, 703 (2d Cir. 1996) (qualified immunity may still be invoked if official's actions were "objectively reasonable").  As stated above, the right to privacy in medical and special education records was clearly established at the time the actions took place.  The allegations that these records were intentionally published without consent demonstrate that Ingold could not have believed she had permission to publish them.  Compl. at ¶¶ 1, 2, 38, 57, 82.  As such, Ingold could not have believed that her actions objectively were reasonable and cannot invoke qualified immunity on this basis.

To summarize, with regard to Plaintiffs' § 1983 claims the Court finds that, while Stringer has no § 1983 claim, the Complaint states a claim for violation of T.S.' Fourteenth Amendment right to privacy and confidentiality and there is no basis to invoke qualified immunity.  Therefore, the Motion is granted as to Stringer's § 1983 claim and denied as to T.S.' § 1983 claim.  Stringer's § 1983 claims are dismissed as to all Defendants.

### B.    Negligence Claims

Ingold also moves to dismiss Plaintiffs' negligence claims.  *See*, Mot. at 10.  A negligence claim under New York law has three elements: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 177 (2d Cir. 2013) (quoting *Alfaro v. Wal– Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000) (quotation marks omitted)).  Gross negligence shares the same three elements and "additionally require[s] allegations of 'conduct that evinces a

reckless disregard for the rights of others or smacks of intentional wrongdoing.'" *PC-41 Doe v. Poly Prep Country Day Sch.*, 590 F. Supp.3d 551, 568 (E.D.N.Y. 2021) (quoting *Taylor Precision Prod., Inc. v. Larimer Grp., Inc.*, 2018 WL 4278286, at *18 (S.D.N.Y. Mar. 26, 2018)).   The question of whether a duty exists is for the Court to determine as a matter of law, and, "[i]f the defendant owes no duty to the plaintiff, the action must fail." *Darby v. Compagnie Nat'l Air France,* 96 N.Y.2d 343, 347 (N.Y. 2001).

Ingold argues the negligence and gross negligence claims fail because the Complaint does not allege any duty on the part of Ingold to Stringer or to T.S.  Mot. at 10; Reply at 7.  Plaintiffs counter that the Complaint states a claim for both negligence and gross negligence because Ingold breached a duty to Plaintiffs and engaged in behavior evincing reckless disregard for their rights. Opp'n at 12-13.

As to Stringer's negligence claims, Plaintiffs do not assert any viable theory by which Ingold had a direct duty to Stringer.  The conclusory statement that Ingold owed a duty to both Plaintiffs by virtue of her position as T.S.'s teacher, is incorrect as a matter of law.  *See*, Compl. at ¶ 82.  In general, schools and teachers owe a duty to their students, but not to the parents or guardians of their students.  *See*, *Murray v. Rsch. Found. of State Univ. of New York*, 283 A.D.2d 995, 996 (4th Dept. 2001)(a school has the duty of a reasonably prudent parent to its students). Thus, while parents may have a claim on behalf of their child for a tort committed by the school or teacher, they have no independent claim on their own behalves.  There is nothing in the Complaint or Plaintiffs' opposition suggesting a basis to depart from this rule.  The only alleged harm suffered by Stringer is indirect and derivative of the alleged harm suffered by T.S.

As for T.S.' claims of negligence, Plaintiffs' opposition does not identify any case law that might lend support for the sufficiency of conclusory statements that such a duty was owed to

Plaintiffs.  Opp'n at 12-13.  Instead, Plaintiffs' opposition attempts to conjure a nonexistent professional standard of care for teachers.  *Id.* at 13 ("Defendant owed a duty of care to act within the standards of practice of her profession.").  This is without precedent and Plaintiffs' citation to a case involving professional standards in the engineering profession is unpersuasive and unavailing.  *Id.* at 13 n. 41 (citing *Mary Imogene Bassett Hosp. v. Cannon Design, Inc.*, 127 A.D.3d 1377, 1380 (3rd Dept. 2015)).[2]  Without a basis for Ingold's duty to T.S., T.S.' negligence claims also fail.

Absent a cognizable duty Ingold owed to Plaintiffs, the Complaint fails to state a claim for negligence and gross negligence.  Therefore, Ingold's Motion is granted as to Plaintiffs' claims for negligence and gross negligence and these claims are dismissed.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is granted as to Stringer's § 1983 and 14th Amendment claims as against all Defendants, granted as to Plaintiffs' Fifth Amendment claims against all Defendants and granted as to all negligence claims against movant only, and denied as to T.S.' § 1983 claim.

SO ORDERED.

Dated:  Brooklyn, New York
          September 30, 2024

                                                    /s/
                                    _____
                                    DORA L. IRIZARRY
                                    United States District Judge

---

[2] Some courts applying New York law have found a "special or confidential relationship" between "student and a student's family with a school and its professional employees." *May v. Bd. of Educ. of Harrison Cent. Sch. Dist.*, No. 04 CIV. 3332, 2005 WL 8180007, at *10 (S.D.N.Y. Sept. 2, 2005) (quoting *Blair v. Union Free School Dist.*, 67 Misc. 2d 248, 253-254 (N.Y. S. Ct. 1971) (quotation marks removed)).  There is scant case law to support this reasoning and it may only apply to intentional infliction of emotional distress claims.  The Court does not follow that reasoning here.